**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARNI TRUGLIO, on behalf of herself and all others similarly situated** | **Docket No. 3:15-cv-03813 (PGS) (TJB)** |
| **Plaintiff,** | |
| **-against-** | |
| **CBE GROUP and JOHN DOES 1-25.,** | |
| **Defendant.** | |

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

---

**MARCUS & ZELMAN, LLC**

**By: /s/ Yitzchak Zelman_____**
**Yitzchak Zelman (YZ5857)**
**Ari H. Marcus, Esq.**
**ATTORNEYS FOR PLAINTIFF**
**1500 Allaire Avenue, Suite 101**
**Ocean, New Jersey 07712**
**Phone:        (732) 695-3282**
**Fax:    (732) 298-6256**
**Email: yzelman@MarcusZelman.com**

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ II

NATURE OF CASE ........................................................................................................... 1

PROCEDURAL HISTORY .................................................................................................. 2

     A.     PURPOSE OF THE FAIR DEBT COLLECTION PRACTICES ACT ..................... 2

     B.     DEFENDANT'S VIOLATION FO THE FDCPA ...................................... 3

PROPOSED CLASS DEFINITIONS, CLASS COUNSEL AND NOTICE ..................................... 4

     A.     CLASS DEFINITION .................................................................... 4

     B.     PROPOSED CLASS COUNSEL ....................................................... 5

     C.     NOTICE OF THE CLASS ............................................................. 5

THE ELEMENTS FOR CLASS CERTFICATION ARE MET ...................................................... 5

     A.     NUMEROSITY ............................................................................ 6

     B.     COMMONALITY ......................................................................... 6

     C.     TYPICALITY ............................................................................. 6

     D.     ADEQUACY OF REPRESENTATION ............................................... 7

     E.     FED.R.CIV.P.23(b)(3) IS SATISFIED ............................................ 7

THE COURT SHOULD APPOINT MARCUS ZELMAN, LLC AS CLASS COUNSEL ............... 9

CONCLUSION ................................................................................................................ 10

## Table of Authorities

### Cases

*Amgen Inc. v. Conn. Retirement Plans and Trust Funds,* 133 S. Ct. 1184, 1194-95 (U.S. 2013)4, 7
*Baby Neal v. Casey,* 43 F.3d. 48, 57 (3rd Cir. 1994)...........................................................……..6
*Brown v Credit Serv. Corp. Ctr,* 464 F.3d. 450, 453 (3d Cir. 2006)...........................................2, 3
*Matter of Stroh v Director, OWCP,* 810 F.2d 61, 63 (3rd Cir. 1987) ...................................3
*Califano v. Yamasaki,* 442 U.S. 682, 700-01 (1979) .......................................................8
*Campuzano-Burgos v. Midland Credit Mgmt., Inc.,* 550 F.3d 294, 298(3d Cir. 2008) ...............3
*Chiang v. Veneman,* 385 F.3d 256, 265 (3rd Cir 2004)..........................................................6
*Colbert v. Trans Union Corp.*, 1995 U.S. Dist. Lexis 578, 1995 WL 20821 (E.D. Pa. 1995).............8
*Crabill v. Trans Union, LLC,* 259 F.3d 662, 666 (7th Cir. 2001) ............................................3
*D'Alauro v GC Services Ltd. Partnership,* 168 F.R.D. 451, 458 (E.D.N.Y 1996) ...............................8
*Douglas v. Convergent,* 765 F.3d 299 (3rd Cir. 2014)...........................................................3
*Federal Trade Commission v. Shaffner,* 626 F.2d 32, 35 (7th Cir. 1980) ....................................3
*Georgina v. Amchem Product, Inc.,* 83 F.3d 610, 631 (3rd Cir. 1996).........................................7
*Hertz v. Canrad Precision Industries, Inc.*, 1970 U.S. Dist. Lexis 13024 (S.D.N.Y. 1970) ................9
*In Re Prudential Ins.*, 148 F.3d at 310.................................................................6, 7, 9
*In Re Visa Check/MasterMoney Antitrust Litigation,* 280 F.3d 124, 136 (2nd Cir.2001) ..............8
*Berkovits v. RMB, Inc.*, Civil Case No.: 2:14-cv-02205-MF ..................................................9
*Larson v. AT&T Mobility LLC,* 687 F.3d 109, 124 (3rd Cir. 2012)...............................................5
*Mace v. Van Ru Credit Corp.*, 109 F. 3d 388 at 342-43 (7th Cir. 1997) ....................................3, 9
*McCall v. Drive Financial Serv.,* 236 F.R.D. 246 (E.D. Pa. 2006)............................................2, 5
*Rosenau v Unifund Corp.,* 539 F.3d 218, 221 (3d Cir. 2008) ................................................2, 3
*Sanders v. Berkovits,* 209 F.3d 998, 1002 (7th Cir. 2000)...................................................8
*Stewart v. Abraham,* 275 F.3d 220, 22 6-227 (3rd Cir. 2001) ...............................................6
*Taylor v. Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62-63 (2d Cir. 1993.) ...............3
*Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004).....................................................1, 3
*Weiss v. York Hosp.* 745 F.2d 786, 809 (3rd Cir. 1984)......................................................6
*Zimmerman v. Zwicker & Assocs., P.A.,* 2011 WL 65912, at *4-6 (D.N.J. 2011) ...............................8
*Zinberg v. Washington Bancorp., Inc.* 138 F.R.D. 397, 406 (D.N.J. 1990)..................................6

## Statutes and Regulations

15 U.S.C. § 1692f (8) ....................................................................................1
15 U.S.C. § 1692k .......................................................................................5
15 U.S.C. § 1692k (a) .................................................................................3, 10
15 U.S.C. § 1692k(1)(2)(B) ..............................................................................3
15 U.S.C. § 1692f (8) ...................................................................................4
15 U.S.C. § 1692c(a) (2) ................................................................................4
15 U.S.C. § 1692e ......................................................................................8

## **Federal Rules**

Fed. R. Civ. P.23 ................................................................................................. 6

Fed. R. Civ. P.23(a) ......................................................................................... 1, 5

Fed. R. Civ. P.23(a)(1) ....................................................................................... 6

Fed. R. Civ. P.23(a)(2) ....................................................................................... 6

Fed. R. Civ. P.23(a)(3) ....................................................................................... 7

Fed. R. Civ. P.23(b) ........................................................................................... 5

Fed. R. Civ. P.23(b)(3) ........................................................................ 1, 5, 7, 9, 10

Fed. R. Civ. P.23(c)(1)(b) ................................................................................... 4

Fed. R. Civ. P.23(g)(1)(A) ................................................................................... 9

Fed. R. Civ. P.23(g)(1) and (2) ........................................................................... 9

I.      **NATURE OF THE CASE**

Plaintiff's complaint arises out of a collection letter mailed to her by the Defendant in an envelope containing a glassine window. *See*, **Exhibit A**. Specifically, the Defendant mailed the Plaintiff a Collection Letter designed so that that the return address and CBE's User ID/CS Number would be visible through the upper glassine window of the enclosing envelope.  This case is about whether the sending of a letter with the Defendant's account number visible through the glassine window violated section 15 USC 1692f(8) of the Fair Debt Collection Practices Act ("FDCPA"), which prohibits a debt collector from "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

Through the course of discovery, Defendant has acknowledged it sent a materially similar letter in a materially similar envelope to 91 individuals during the Class period.  Plaintiff, Marni Truglio, now moves for class certification of those 91 individuals pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Plaintiff will demonstrate below that this matter is ideally suited to class action treatment. There are no individualized issues of intent, causation of loss, or reliance. An FDCPA case such as this, based upon a form collections correspondence, is a paradigmatic case for class action treatment, as our Court of Appeals has held. *Weiss v. Regal Collections*, 385 F.3d 337, 344-45 (3d Cir. 2004). Cases just like this, involving defective form letters sent to consumers have been repeatedly and regularly certified in this district. *See e.g., McCall v. Drive Financial Serv.,* 236 F.R.D. 246 (E.D. Pa. 2006) (FDCPA class certified over form collection letter).

For the reasons that follow, Plaintiff's Motion for Class Certification should be granted.

**A.  Procedural History**

Plaintiff Marni Truglio (individually and as a purported class representative) filed a Complaint [ECF Document 1] on June 8, 2015 alleging that Defendant violated provisions of the Fair Debt Collection Practices Act as to a letter form and collection practices.  Defendant Alliance One filed an Answer [ECF – 7] on July 31, 2015.  The parties then engaged in extensive written discovery, depositions and third party discovery.  Discovery has now closed, and this Motion is submitted pursuant to the briefing schedule issued by the Honorable Magistrate Judge Bongiovanni on September 7, 2016. [ECF-20].

**B.  Purpose of the Fair Debt Collection Practices Act.**

Congress enacted the FDCPA in 1977 after noting the abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. The FDCPA aims to eliminate abusive practices by debt collectors and provide debtors with a private cause of action against debt collectors who fail to comply with the Act.  *See* 15 U.S.C. 1692 *et seq.  See also, Rosenau v Unifund Corp.,* 539 F.3d 218, 221 (3d Cir. 2008); *Brown v Credit Serv. Corp. Ctr*, 464 F.3d. 450, 453 (3d Cir. 2006). Because the FDCPA is a remedial statute, the Third Circuit construes its language broadly, so as to effect its purpose. *See Brown* at 453; *Matter of Stroh v Director, OWCP*, 810 F.2d 61, 63 (3rd Cir. 1987).

In order to give effect to the FDCPA's intent to protect the gullible as well as the shrewd, courts have generally analyzed a debt collector's statements from the perspective of the "least sophisticated debtor." *See Campuzano-Burgos v Midland Credit Mgmt., Inc.*, 550 F.3d 294,298) (3d Cir. 2008); *Rosenau*, 539 F.3d at 221. Further, "Congress intended the Act to be enforced primarily by consumers...." *Federal Trade Commission v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). The FDCPA encourages consumers to act as "private attorneys general" to enforce the

6

public policies expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001)

See also *Weiss v. Regal Collections*, 385 F. 3d 337, 345 (3d Cir. 2004) ("Congress also intended

the FDCPA to be self-enforcing by private attorney generals").

      Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Bentley*

*v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-63 (2d Cir. 1993).  A debt collector who violates

any provision of the FDCPA is liable for any actual damages, statutory damages, and attorney's

fees and costs. 15 USC 1692k(a). Furthermore, the statute explicitly calls for liability in the case

of class action as the lesser of $500,000 or 1 per centum of the net worth of the debt collector. See

15 USC 1692k(1)(2)(B). It should be noted that the statute does not limit the possibility of debt

collectors being liable for multiple class actions under the same violation, as is done in other

statutes. Under the Truth in Lending Act ("TILA"), the statute caps damages "in any class actions or

*series of class actions"* emphasis added – language conspicuously absent from the FDCPA.  *Mace v.*

*Van Ru Credit Corp*., 109 F. 3d 388 at 342-43 (7th Cir. 1997).

**C.  Defendant's Violation of the FDCPA.**

      In the instant action, Plaintiff bases her Complaint off of the Third Circuit Court of Appeals

decision in *Douglass v. Convergent*, 765 F.3d 299 (3rd Cir. 2014) where the Court held that "it [the

account number] is a piece of information capable of identifying Douglass as a debtor. And its

disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address.

. . . Accordingly, Douglass's account number is impermissible language or symbols under section

1692f(8)." *Id*. The threshold complaint here is that a "collection agency" by the name of CBE

GROUP ("CBE") sent to the Plaintiff, a "consumer", a collection notice dated July 1, 2014 in an

attempt to collect a debt owing to DirectTV.  The issue with this collection letter is that it was

designed to be printed and folded in such a manner so that the Plaintiff's account number was

visible through the upper glassine window of the enclosing envelope, in violation of 1692f(8) of the FDCPA. *See,* Affidavit from Revspring, Inc., the Letter Vendor used by Defendant to print and mail these Collection Letters, annexed hereto as Exhibit B.  Defendant further acknowledged in discovery that Defendant sent the materially same notice to 91 New Jersey consumers during the Class period.  *See,* Exhibit C.

Although the Court does not weigh the merits of the claim in detail in determining class certification, the Court nonetheless may properly inform itself by making a preliminary inquiry into the merits if it is necessary to determine the propriety of certification under Rule 23. *Amgen Inc. v. Conn. Retirement Plans and Trust Funds,* 133 S. Ct. 1184, 1194-95 (U.S. 2013). For the reasons explained in detail below, the Class is readily certifiable.

## II.    PROPOSED CLASS DEFINITIONS, CLASS COUNSEL AND NOTICE

"An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Federal Rules of Civil Procedure 23(g)." Federal Rules of Civil Procedure ("FRCP") 23(c)(1)(b). The proposed Class Counsel and definitions of the Class and Class Claims are set forth below.

### A. Class Definition

Plaintiffs seek to define the Class as:

> All New Jersey consumers who were sent collection letters from Defendant in an attempt to collect an obligation owed to DirecTV, similar to the Collection Letter annexed hereto as Exhibit A, where CBE's User ID/CS Number was visible through the upper glassine window of the enclosing envelope, during the time period spanning June 8, 2014 to the present.

**B. Proposed Class Counsel**

The Law Office of Marcus & Zelman, LLC is the only applicant seeking appointment as class counsel. The qualifications of Mr. Ari Marcus and Yitzchak Zelman as Class Counsel are discussed in Legal Arguments below.

**C. Notice to the Class**

After a class is certified under FRCP 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Larson v. AT&T Mobility LLC,* 687 F.3d 109, 124 (3rd Cir. 2012). There must be individual notice in this action because CBE has a list of the class members' names and addresses.

Therefore, if this Motion is granted, Plaintiffs will move for approval of a notice and to compel CBE Group to provide that list to the appointed class counsel.

**III.   THE ELEMENTS FOR CLASS CERTIFICATION ARE MET**

In order for a Class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). The Class satisfies each of the four requirements for class certification under Rule 23(a) and the requirements of Rule 23(b)(3).

As noted, Congress expressly recognized the importance and propriety of the class action under the FDCPA by providing special damage provisions and criteria in 15 USC 1692k. Cases challenging the legality of form collection notices have been routinely certified in this district, because they represent a paradigm of the Rule's requirements. *See McCaal v. Drive Fin.,* 236 F.R.D. at 250-51.

9

### A.      Numerosity

The numerosity requirement under Rule 23(a)(1) is satisfied where the class is so numerous that joinder of all class members is impracticable.  See *In Re Prudential Ins. Co.,* 148 F.3d 283, 309 (3rd Cir. 1998); see also *Zinberg v. Washington Bancorp, Inc.,*, 138 F.R.D. 397, 406 (D.N.J. 1990).  There is no magic number needed to satisfy numerosity; however, in the Third Circuit numerosity is generally satisfied where the class exceeds 40.  See *Stewart v. Abraham,* 275 F.3d 220, 226-227 (3rd Cir. 2001); see also *Weiss v. York Hosp.,* 745 F.2d 786, 809 (3rd Cir. 1984).  Here, the size of the Class (91) is well in excess of any minimum requirement imposed by Fed. R. Civ. P. 23. (*See,* **Exhibit C**).

### B.      Commonality

To satisfy the commonality requirement under Rule 23(a)(2), plaintiffs must demonstrate that "'at least one question of fact or law' is common to each member of [the] prospective class."  See *Stewart v. Abraham,* 275 F.3d at 227.  Class members do not have to share identical claims or claims arising from the same operative facts.  See *In Re Prudential Ins*., 148 F.3d at 310; see also *Baby Neal v. Casey,* 43 F.3d. 48, 57 (3rd Cir. 1994).  The commonality standard of Rule 23(a)(2) is not a high bar; it will be satisfied if the named plaintiff shares at least one question of law or fact with the class. See *Chiang v. Veneman,* 385 F.3d 256, 265 (3rd Cir 2004).

Clearly there are common questions of law and fact here.  Factually, each Class member received a letter from Defendant in which their account number was visible through the glassine window of the envelope it was sent in (Exhibit A), so the questions of law and fact in this case (i.e., whether sending a letter in an envelope in which the consumer's account number is visible violates the FDCPA) are common to all Class Members. Defendant has acknowledged that Defendants' letter with respect to the defined class claims was consistent. (See Exhibit C).

### C.    Typicality

In order to satisfy the typicality requirement of Rule 23(a)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class.  See *Georgina v. Amchem Product, Inc.*, 83 F.3d 610, 631 (3rd Cir.1996).  Typicality seeks to insure that there are no conflicts between the class representative claims and the claims of the class members that the "named plaintiffs have incentives that align with those of absent class members."  See *Baby Neal v. Casey*, 43 F.3d at 57.

For the reasons set forth in Section B, supra, the claims of the Representative Plaintiff are typical for all Class Members.  There is no conflict between the Representative Plaintiff's claims and those of the Class, and so the typicality requirement is met. Furthermore, there are no unique facts or circumstances that would render Ms. Truglio atypical. The focus is on the letter and Defendant's conduct.  As such, the typicality requirement is met.

### D.    Adequacy of Representation

Adequacy of representation is a two-part inquiry that applies to both Class Counsel and the Representative Plaintiff.  First, adequacy of representation asks whether Class Counsel is qualified, experienced, and able to conduct the litigation.  See *In Re Prudential*, 148 F.3d at 312.  Second, "it serves to uncover conflicts of interest between named parties and the class they seek to represent."  *Id*. In this case, Class Counsel is highly qualified, experienced, and able to conduct this litigation.  The Representative Plaintiff shares the proposed Class' interest in challenging Defendant's alleged actions in this matter.  They both are adequate Class representatives.

### E.    Fed. R. Civ. P. 23(b)(3) Is Satisfied

The proposed class satisfies the requirements of Rule 23(b)(3).  The Rule 23(b)(3) inquiry is a two-pronged one.  First the Court must find that the questions of law or fact common to the class members

predominate over any questions affecting only individual class members. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *See Anchem Products, Inc v Windsor*, 521 U.S 591, 623 (1997). "In order to meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof.'" *See In Re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 136 (2nd Cir. 2001). The criterion is met when there is a common factual link between all the class members and the defendant for which the law provides a remedy. *See D'Alauro v GC Services Ltd. Partnership,* 168 F.R.D. 451, 458 (E.D.N.Y 1996). For the reasons expressed in Sections B and C above, it is respectfully submitted that this requirement is met here.

Second, the Court must inquire whether the class action mechanism is the superior method for resolving the controversy presented. The key factor here is on efficiency. *See D'Alauro, supra, citing Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979) ("Class actions are the superior method for resolving controversies when the main objectives of Rule 23 are served; namely, the efficient resolution of the claims or liabilities of many individuals in a single action"). The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, efficiency and economy. *See D'Alauro, supra.* In making the determination, the Court must balance the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Id.* Class actions are often the most suitable method for resolving suits to enforce compliance with consumer protection laws because the awards in an individual case are usually too small to encourage the lone consumer to file suit. *See Colbert v. Trans Union Corp.*, No. 93-6106, 1995 U.S. Dist. Lexis 578, *9, 1995 WL 20821, *3 (E.D. Pa. Jan. 12, 1995).

Assuming the Defendant argues that the Class should be expanded to prevent the possibility of multiple class actions being filed against them, it should be noted that "there is no provision that limits defendants being exposed to more than one FDCPA class action lawsuit." See *Sanders v. Berkovits*, 209 F.3d 998, 1002 (7th Cir. 2000); *Zimmerman v. Zwicker & Assocs., P.A.,* 2011 WL 65912, at *4-6 (D.N.J. 2011) (rejecting as unfair a proposed settlement between the defendant and a nationwide class of plaintiffs when it remained possible that the plaintiffs could have recovered more in a series of state-by-state class actions). Under the Truth in Lending Act ("TILA"), the statute caps damages "in any class actions or *series of class actions"* emphasis added – language conspicuously absent from the FDCPA. *Mace v. Van Ru Credit Corp*., 109 F. 3d 388 at 342-43 (7th Cir. 1997).

Based upon the relief sought in this Complaint, as well as the nature and scope of the remedy proposed in the settlement of this case for which approval is sought, the parties submit that it would be appropriate for this class to be certified as currently pled pursuant to Rule 23(b)(3).

## THE COURT SHOULD APPOINT
## YITZCHAK ZELMAN, ESQ. AND ARI MARCUS, ESQ.
## AS CLASS COUNSEL

If this Court preliminarily certifies the Class, then Class Counsel should also be appointed. See Fed. R. Civ. P. 23(g)(1)(A). The key test is whether Class Counsel is qualified, experienced, and able to conduct the litigation. *In re Prudential*, 148 F.3d 283, 312 (3rd Cir. 1998). Class counsel must therefore be adequate under Rule 23(g)(1) and (2).

Yitzchak Zelman, Esq. is qualified, experienced and able to conduct the within FDCPA litigation. Generally, there is a presumption of competence for all members of the bar in good standing unless evidence to the contrary is adduced. *Hertz v. Canrad Precision Industries, Inc.*, No. 69-174, 1970 U.S. Dist. Lexis 13024, *3 (S.D.N.Y. Jan. 29, 1970). Mr. Zelman is one of the most active FDCPA practitioners in this District, whose experience, diligence and commitment to this litigation

will more than adequately protect the interests of the class.  Class Counsel is experienced in handling complex litigation such as this, and has been Plaintiff's counsel in over three hundred (300) Fair Debt Collection Practices Act cases in the States of New York and New Jersey.  A majority of Mr. Zelman's practice is concentrated in the area of Consumer Protection Law involving matters of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, and the Telephone Consumer Protection Act.

Furthermore, Mr. Zelman has partnered with Ari Marcus, who will also represent the proposed class in this matter.  Mr. Marcus is an active FDCPA practitioner whose experience, diligence and commitment to this litigation will more than adequately protect the interests of the class. Mr. Marcus is experienced in handling complex litigation such as this, and has been Plaintiff's counsel in over two hundred and fifty (250) Fair Debt Collection Practices Act cases in New Jersey and New York.  Ari H. Marcus, Esq, has furthermore been appointed class counsel in the following FDCPA matters, within this very District:

i. *Jackson v. RMB, Inc.*, Civil Case No.: 2:14-cv-02205-MF (DNJ 2015)
ii. *Krady v. A-1 Collection Agency LLC,* Civil Case No.: 3:14-cv-7062-TJB (DNJ 2016).
iii. *Willemsen v. Professional Recovery Services, Inc.,* 1:14-cv-06421 JHR-AMD (DNJ 2016).
iv. *Nicholas Willis and Beth Shvarts v. Iheartmedia, Inc.,* Circuit Court of Cook County, Illinois - Case no. 16ch02455 (TCPA class certified).

all matters involving a claim arising under the Fair Debt Collection Practices Act.  A significant portion of Mr. Marcus' practice is concentrated in the area of Consumer Protection Law involving matters of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, and the Telephone Consumer Protection Act.  Class Counsel has and will continue to commit significant resources to representing the Class and is dedicated to ensuring that all Class members' rights are protected.

14

## <u>CONCLUSION</u>

For all of the foregoing reasons, the proposed Class readily meets the requirements of Rule 23(a) and well as Rule 23(b)(3) and is ideally suited for Class treatment. Plaintiff Marni Truglio respectfully moves the Court to certify this matter as a class action under Rule 23(b)(3) and 15 USC 1692k(a).

Dated: September 23, 2016

<div style="margin-left:40%">

MARCUS & ZELMAN, LLC

By: /s/ Yitzchak Zelman
Yitzchak Zelman (YZ5857)
ATTORNEYS FOR PLAINTIFF
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
Fax:    (732) 298-6256
Email: yzelman@MarcusZelman.com

</div>